## AMERICAN STATES INSURANCE COMPANY, Appellant,

v.

## Pamela WALTERS, Guardian and Next Friend of Ivan Robert Justice, Appellee.

### No. 1494.

Court of Appeals of Texas, Tyler.

Oct. 27, 1983.

Patrick F. McGowan, Strasburger & Price, Dallas, for appellant.

Paul Pearson, Dallas, for appellee.

SUMMERS, Chief Justice.

This suit for workers' compensation benefits was brought by Pamela Walters, as guardian and next friend of Ivan Robert Justice, a minor, against American States Insurance Company after the death of Justice's father, Ivan Michael Justice. The trial court rendered judgment for Walters based on the jury's finding that Justice received his fatal injury in the course of his employment.

Defendant American States appealed the case to this court, and on that appeal the

cause was reversed and rendered in favor of said defendant on the basis there was no evidence to support the jury's finding. 636 S.W.2d 794.

The Supreme Court, 654 S.W.2d 423, granted writ of error and thereafter reversed and remanded the cause to this court solely for consideration of American States' point regarding the factual sufficiency of the evidence to support the jury's finding that Justice received his fatal injury in the course of his employment.

The facts of the case are stated fully in the reported opinions of this court and the Supreme Court and need not be restated here.

The Supreme Court held that no question of a statutory exclusion from coverage because of death caused by the act of a third person (as provided in Tex.Rev.Civ.Stat. Ann. art. 8309, § 1) was timely raised or preserved for appellate review and that the evidence and inferences from the facts in this case were legally sufficient to support the jury finding.

We must now decide if the evidence was factually sufficient to support the jury's finding that Justice sustained the fatal injury while in the course of his employment. After re-examining all the evidence and reviewing it in the light announced by the Supreme Court in *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951), we conclude that the evidence is factually sufficient to support said jury finding. American States' factual insufficiency point is overruled.

The judgment of the trial court is affirmed.